COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


JOLEANE DUTZMAN
                                    MEMORANDUM OPINION*
v.    Record No. 1735-99-4              PER CURIAM
                                     NOVEMBER 16, 1999
J. DOUGLAS WOODDELL, D.D.S.
AND
HARTFORD UNDERWRITERS INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Robert W. Dowler, on briefs), for appellant.

            (William R. Korth; Law Offices of Francis H.
            Foley, on brief), for appellees.


     Joleane Dutzman (claimant) contends that the Workers'

Compensation Commission (commission) erred in failing to

(1) exclude the September 1, 1998 medical report of Dr. Philip

Edelman; (2) award temporary total disability benefits to

claimant after March 31, 1996 and continuing;[1] and (3) award

medical benefits to claimant after April 25, 1996 and continuing

for her lifetime.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

        [1] Questions Presented 2, 3, and 4 relate to this issue and
have been consolidated for purposes of this opinion.

Employer's counsel possessed Dr. Edelman's September 1, 1998 medical report for a substantial period of time before he filed it with the commission and provided a copy of it to claimant's counsel eight days before the hearing. However, it was undisputed that the late filing constituted an inadvertent oversight by employer's counsel. Pursuant to Rule 4.2 of the Rules of the Virginia Workers' Compensation Commission and Code § 65.2-902, the commission fined employer's counsel for his oversight.

The deputy commissioner admitted Dr. Edelman's report into evidence and provided claimant with ample opportunity to cross-examine Dr. Edelman before the record closed. Claimant elected not to cross-examine Dr. Edelman in any manner whatsoever. Having chosen not to take advantage of the opportunity to cross-examine Dr. Edelman regarding the September 1, 1998 medical report, claimant cannot claim that she was prejudiced by the late filing. Under these circumstances, the commission did not abuse its discretion in admitting Dr. Edelman's medical report into evidence.

## II. and III.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence

sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission denied claimant disability benefits after March 31, 1996 and denied her medical benefits for treatment incurred after April 25, 1996. In doing so, the commission relied upon the opinions and medical records of Drs. William J. Thompson and Richard J. Redding and rejected the opinions of Drs. William J. Meggs and Thomas J. Callender. The medical records and opinions of Drs. Thompson and Redding support the commission's findings that claimant was not disabled after March 31, 1996 due to the effects of her exposure to Lysol Brand Concentrate at work in February 1996; that the effects of that exposure ended by April 25, 1996; and that her symptoms thereafter were due to pre-existing conditions or other causes.

The commission articulated sound reasons for giving little probative weight to the contrary opinions of Drs. Meggs and Callender. "Medical evidence is not necessarily conclusive and is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). "Moreover, "[q]uestions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that claimant sustained her burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.
